UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOE EDWARD WEBB          ]
     Petitioner,         ]
                         ]
v.                       ]          No. 3:12-0398
                         ]          Judge Trauger
UNITED STATES OF AMERICA ]
     Respondent.         ]

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Victorville Federal Correctional Institution in Adelanto, California. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On January 15, 2010, the petitioner pled guilty to two counts of conspiracy to distribute and to possess with intent to distribute cocaine. United States of America v. Joe Edward Webb, Criminal No.3:09-00044 (M.D. Tenn.); Docket Entry No.50. He also pled guilty to attempting to possess with intent to distribute 500 grams or more of cocaine. United States of America v. Joe Edward Webb, Criminal No.3:10-00015 (M.D. Tenn.); Docket Entry No.9.

For the two conspiracy convictions, the petitioner received a sentence of 240 months in prison, to be followed by ten years of

1

supervised release. Criminal No.3:09-00044; Docket Entry No.74. For the attempt to possess conviction, the petitioner was given a concurrent sentence of 240 months in prison. Criminal No.3:10-00015; Docket Entry No.33.

There was no direct appeal of the convictions taken by the petitioner. However, on April 17, 2012, he filed the instant Motion to Vacate, Set Aside or Correct Sentence (Docket Entry No.1).[1] In the Motion, the petitioner claims that he was convicted in violation of his right to the effective assistance of counsel. More specifically, the petitioner alleges that his attorney made errors during plea negotiations and sentencing.[2]

Upon its receipt, the Court conducted a preliminary review of petitioner's Motion and found that it stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.6) entered May 14, 2012, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules - - - § 2255 Cases.

Presently pending before the Court is the government's Motion

---

[1] A pleading from a prisoner is considered filed on the date that it was given to prison officials for posting. Houston v. Lack, 487 U.S. 266, 270 (1988). Thus, even though petitioner's Motion was received in the Clerk's Office and stamped as filed on April 23, 2012, the actual filing date for the purposes of a timeliness analysis is April 17, 2012, the date on which the petitioner signed the Motion and gave it to prison officials for posting. *See* Docket Entry No.1 at pg.12.

[2] The petitioner's claims are set forth in a Memorandum (Docket Entry No.2) that was filed with the §2255 Motion.

2

to Dismiss (Docket Entry No.9), to which the petitioner has offered an Objection (Docket Entry No.13) to the Motion.

The government opposes the petitioner's Motion by contending that it is untimely. The Antiterrorism and Effective Death Penalty Act contains a one-year limitation period during which a § 2255 Motion to Vacate, Set Aside or Correct Sentence must be filed. This limitation period begins to run from the latest of four (4) events which include

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this instance, the Court finds that the one year limitation period began to run from the date that the petitioner's convictions became final. Judgment was entered against the petitioner on January 7, 2011. His convictions became final fourteen days later

3

on January 21, 2011, when the time for filing a direct appeal had expired. Rule 4(b)(1)(A), Fed.R.App.P. Thus, the limitation period for the filing of this action ran through January 21, 2012.

The instant § 2255 Motion was not filed until April 17, 2012, almost three months after the limitation period had expired. Accordingly, this action is untimely.[3]

The period of limitation, however, does not act as a jurisdictional bar. Therefore, the one year limitation period is subject to equitable tolling in appropriate circumstances. Dunlap v. United States, 250 F.3d 1001, 1004-1005 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001). In his Objection, the petitioner sets forth two reasons why equitable tolling of the limitation period would be appropriate. First, the petitioner claims that he is actually innocent of the charges that led to his conviction. Docket Entry No.13 at pg.4. Second, the petitioner attributes his late filing to the ineffective assistance of counsel.

The doctrine of equitable tolling should be applied sparingly. Dunlap, *supra* at pg.1008. The petitioner bears the burden of demonstrating that he is entitled to an equitable tolling of the limitation period. *Id.*; Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To merit equitable tolling of the limitation period, the petitioner must show that he has been pursuing his rights

---

[3] The petitioner does not dispute the fact that this action was filed in an untimely manner. *See* Docket Entry No.13 at pg.3.

4

diligently and that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408,418 (2005).

The Sixth Circuit has held that a petitioner's actual innocence will support an equitable tolling of the limitation period. Souter v. Jones, 395 F.3d 577, 599 (6th Cir.2005). To make a showing of actual innocence, the petitioner must convince the Court that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* at pg.602.

The petitioner confessed his guilt to the charges in a plea agreement. Criminal No.3:09-00044; Docket Entry No.72 at pg.9. He later waived the right to challenge his guilt in a subsequent appellate proceeding. *Id.* at pg.19. The petitioner has offered nothing whatsoever to rebut the confession. From this, the Court finds that the petitioner has failed to make a showing of actual innocence sufficient to equitably toll the one year period of limitation.

The petitioner also asserts that counsel's ineffectiveness should allow him to file an untimely Motion. More specifically, he claims that his attorney was instructed to file an appeal of the sentences but that his attorney neglected to do so.

As part of his plea agreement, petitioner waived the right "to appeal any sentence within or below the guidelines range associated with the Recommended Offense Level when combined with defendant's

5

criminal history category as determined by the Court." *Id.* The petitioner signed the plea agreement acknowledging that he understood its provisions. *Id.* at pg.21. The petitioner does not allege that his sentences were above the guidelines range. By asking his attorney to file an appeal of the sentence, he was aware that such an appeal was forbidden by the plea agreement. In fact, the petitioner admits that "counsel tried to persuade me that I couldn't appeal". Docket Entry No.13 at pg.12. It appears at first blush, therefore, that counsel would not have been deficient for failing to file an appeal that the petitioner had waived in a plea agreement.

Nevertheless, in a recent opinion, the Sixth Circuit has held to the contrary. An attorney is ineffective when he fails to file a requested appeal even though, as part of a plea agreement, the petitioner had partially waived his right to appeal. Robert Dan Campbell v. United States of America, Appellate No.11-3233 (6th Cir.; decided on 7/19/12). As a consequence, if the petitioner did in fact instruct his attorney to file an appeal and counsel neglected to do so, counsel's failure may have caused the limitation period to run through no fault of the petitioner.

There is nothing in the record that seems to contradict the petitioner's assertion that he expressly instructed counsel to file an appeal of his sentences, although the government has not conceded the point in its Motion to Dismiss. In such a situation,

6

the Sixth Circuit has directed that an evidentiary hearing *must* be conducted to determine if the petitioner did in fact express a desire for an appeal as he now asserts. <u>Campbell</u>, *supra* at pg.9.

Accordingly, an order shall be entered referring this action to the Magistrate Judge with instructions to conduct the requisite evidentiary hearing.

                                                                                    _____
                                                                                    Aleta A. Trauger
                                                                                    United States District Judge