UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JOE EDWARD WEBB              ]
    Petitioner,            ]
                             ]
v.                           ]      No. 3:12-0398
                             ]      Judge Trauger
UNITED STATES OF AMERICA     ]
    Respondent.            ]


**M E M O R A N D U M**


On June 13, 2012, the respondent filed a Motion to Dismiss (Docket Entry No. 9), contending that the instant *pro se* § 2255 action is untimely.

Shortly thereafter, the Court determined that this action had indeed been filed in an untimely manner. However, the petitioner alleged that his attorney failed to file an appeal despite his request to do so. Because this raised a factual issue that was germane to the question of an equitable tolling of the limitation period, an order (Docket Entry No. 15) was entered referring the case to the Magistrate Judge. The Magistrate Judge was instructed to conduct an evidentiary hearing to resolve the factual issue and make a recommendation as to the Motion to Dismiss.

The Magistrate Judge conducted an evidentiary hearing as requested on October 4, 2012.. Docket Entry No. 26. Presently before the Court are a Report and Recommendation (Docket Entry No. 41) from the Magistrate Judge, objections (Docket Entry No. 42) to the Report and Recommendation filed by the petitioner, and the government's response (Docket Entry No. 43) to the petitioner's objections.

1

The petitioner and his former attorney, Edward DeWerff, testified at the evidentiary hearing. After considering their testimony, the Magistrate Judge found that the petitioner had lied to prosecutors on several occasions and had inconsistencies in his testimony. Based upon this, the Magistrate Judge concluded that the petitioner had not been a credible witness and determined that he had not asked his attorney to file an appeal as alleged. Docket Entry No. 41 at pg. 6. The Magistrate Judge found no basis for an equitable tolling of the limitation period and recommends that this action should be dismissed as untimely.

To begin, it should be noted that the petitioner does not dispute in his objections the Court's finding that the § 2255 motion to vacate, set aside or correct sentence is untimely.[1] The Court, then, need only address whether an equitable tolling of the limitation period so as to allow the late filing would be appropriate.

The Court has reviewed the transcript (Docket Entry No. 27) of the evidentiary hearing *de novo* and finds that there is sufficient evidence in the record to support the Magistrate Judge's finding that the petitioner did not ask his attorney to file an appeal. This claim, therefore, will not support the equitable tolling of the limitation period.

The petitioner argues in the alternative that he is entitled to an equitable tolling of the limitation period because his attorney failed to consult with him about an appeal. During the evidentiary hearing, counsel acknowledged that, after sentencing, he did not consult with the petitioner about an appeal. Docket Entry No. 27 at pg. 52.

Counsel is constitutionally bound to make a reasonable effort to discover defendant's wishes

---

[1] In his objections to the Motion to Dismiss, the petitioner does not assert that the government's calculations are incorrect. He argues, rather, that he is entitled to an equitable tolling of the limitation period. *See* Docket Entry No. 13.

as to an appeal. <u>Roe v. Flores</u>, 528 U.S. 470 (2000). This duty, however, only arises when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in filing an appeal. *Id*. at pg. 480.

The petitioner pled guilty pursuant to a plea agreement that contained a waiver of appeal. The waiver provided for an appeal only in a limited number of circumstances. The petitioner was aware of his right to appeal at the sentencing hearing. Docket Entry No. 27 at pg. 6. Moreover, he was aware of the limited circumstances under which he could appeal his conviction. *Id.* at pg. 15.

The Court has already determined that there is more than ample evidence to show that the petitioner did not ask his attorney to file an appeal after the sentencing hearing. In fact, at the evidentiary hearing, the petitioner admitted that he spoke with counsel on three occasions following sentencing during which he never mentioned an appeal. He further acknowledged that he first questioned counsel about an appeal almost a year after he was sentenced. *Id.* at pgs. 9-10, 24-28.

From these circumstances, it does not appear that the petitioner had reasonably demonstrated to counsel a desire to file an appeal. Therefore, counsel's failure to consult with the petitioner about an appeal after sentencing did not rise to the level of a constitutional violation sufficient to excuse the late filing of this action. <u>Roe</u>, *supra*.

An appropriate order will be entered.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Aleta A. Trauger
　　　　　　　　　　　　　　　　　　　United States District Judge